UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JADE DUGAS                                                         CIVIL ACTION

VERSUS

THE NEUROMEDICAL CENTER            NO. 19-00591-BAJ-RLB
REHABILITATION HOSPITAL,
LLC.

## RULING AND ORDER

Before the Court is **Plaintiff's Motion for Partial Summary Judgment on the Issue of Fair Labor Standards Act Liability for Unpaid Overtime (Doc. 14)**. Plaintiff argues that there is no dispute of material fact as to whether Defendant failed to pay her overtime as required by the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201, *et seq*. The Motion is opposed. (Doc. 15). Plaintiff filed a reply to the opposition. (Doc. 18). Defendant filed a surreply. (Doc. 20). For the written reasons assigned, the Motion is **DENIED**.

### I. BACKGROUND

Defendant employed Plaintiff as an hourly employee from December 2009 to January 2019, when she was terminated. (Doc. 14-1, p. 2). At all relevant times, Plaintiff's title was Staffing Materials Management Coordinator, and she was compensated at a rate of $25.63 per hour. (Doc. 14-2, p. 3). Plaintiff normally worked weekdays from 8:00 a.m. to 4:30 p.m., with a half-hour unpaid lunch break. (Doc. 14-1, p. 3). However, Plaintiff allegedly "regularly engaged in significant scheduling work after hours, on weekends and during holidays." (Doc. 14-1, p. 4). If

1

Plaintiff learned someone could not report for a shift, she would find a replacement. (Doc. 15, p. 3). Plaintiff was not, however, required to engage in these activities while she was off the clock. (Doc. 15, p. 3).

To keep track of employee hours, Defendant uses a "Biometric Time Clock." (Doc. 15, p. 4). Employees are required to record their hours by using a fingerprint to "punch in" or "punch out" of work. (Doc. 15, p. 4). If an employee misses a punch, the employee is required to report the missing punch in a "missed punch log." (Doc. 15, p. 4). If an employee engages in work away from the premises, the employee can report any hours worked to their supervisor so that the time worked could be added to the employee's time card. (Doc. 15, p. 4). Plaintiff only reported her off-site work to a supervisor on one occasion and was paid for that time. (Doc. 15-2, p. 14).

Plaintiff now moves for partial summary judgment on the issue of whether Defendant is liable for allegedly unpaid overtime that she worked but did not report to Defendant. She asserts that there is no dispute that she worked uncompensated overtime with Defendant's knowledge and consent. (Doc. 14-1, p. 1). Defendant counters that there are two issues of material fact. First, Defendant asserts that there is a dispute as to whether Defendant had knowledge—constructive or otherwise—that Plaintiff was working overtime, as she never recorded or reported this time. (Doc. 15, p. 1). Second, Defendant alleges that Plaintiff has not provided evidence that she worked over forty hours a week during the relevant time period. (Doc. 15, p. 12).

## II. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment

2

as a matter of law." FED. R. CIV. P. 56(a). A party asserting that a fact cannot be genuinely disputed must support the assertion by citing materials in the record, including "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, [and] interrogatory answers" or that an adverse party cannot produce admissible evidence to support the presence of a genuine dispute. *See* FED. R. CIV. P. 56(c)(1).

"[W]hen a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quotation marks and footnote omitted). "This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quotation marks and citations omitted). In determining whether the movant is entitled to summary judgment, the Court "view[s] facts in the light most favorable to the non-movant and draw[s] all reasonable inferences in her favor." *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

### III. ANALYSIS

#### A. The Fair Labor Standards Act

The FLSA sets wage, hour, and overtime standards employers must generally follow. *See* 29 U.S.C. § 207(a)(1) ("[N]o employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified."). To state a *prima facie*

3

overtime-pay claim under 29 U.S.C. § 207(a)(1), "plaintiff must plausibly allege: (1) that an employer-employee relationship existed during the time that she worked in excess of forty hours per week; (2) that she engaged in activities covered by the FLSA; (3) that the employer violated the FLSA's overtime-wage requirements; and (4) the amount of overtime-pay due." *White v. U.S. Corrs., L.L.C.*, 996 F.3d 302, 309 (citing *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014)); *See also Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 441 (5th Cir. 2005) ("An employee bringing an action pursuant to the FLSA, based on unpaid overtime compensation, must first demonstrate that she has performed work for which she alleges she was not compensated.").

Once plaintiff establishes a *prima facie* case, "the burden shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to [negate] the reasonableness of the inference to be drawn from the employee's evidence." *Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 441 (5th Cir. 2005) (citation omitted).

It is undisputed that an employer-employee relationship existed during the relevant period, and that Plaintiff engaged in activities covered by the FLSA. *See* (Doc. 15, p. 15). Plaintiff's Motion also explicitly reserves the determination of the amount of overtime pay due, if any, for trial. (Doc. 14-1, p. 3). Therefore, the issue before the Court is whether there is a genuine dispute of material fact as to whether Defendant violated the FLSA's overtime-wage requirements.

### B. Whether Plaintiff has Established a *Prima Facie* Case

#### i. Plaintiff has not established that she worked more than

4

**forty hours in any given week.**

Although Plaintiff's personnel records do not reflect her overtime work, Plaintiff alleges that this was because she was prohibited from entering time in excess of forty hours. (Doc. 21, p. 2). Instead, Plaintiff purports to have "abundant and reliable evidence showing her work outside her scheduled time," including testimony from Plaintiff, testimony of employees who she scheduled outside of work hours, and over 2,000 text messages that indicate she scheduled employees outside of work hours. (*Id.*). Because Plaintiff was the only employee who could perform these duties, Plaintiff argues that Defendant knew or had reason to know that she was performing them outside her scheduled time. (Doc. 14-1, p. 4).

The FLSA's overtime provisions only apply if Plaintiff worked over forty hours in a week. *See* 29 U.S.C. § 207(a)(1). The Court cannot assume that because Plaintiff was regularly scheduled to work between 8:30 a.m. to 4:30 p.m. that she actually worked those hours. While Plaintiff has reserved the issue of how many overtime hours she worked for trial, there must be some evidence in the record that she worked more than forty hours a week. Plaintiff has not provided such evidence. Instead, Plaintiff has provided several pages of text messages. (Doc. 14-3). Some of these messages are after Plaintiff's scheduled work hours, some are not. None of the messages provide any indication, other than a timestamp, of how long Plaintiff worked, and none are accompanied by documentation indicating that Plaintiff worked more than forty hours in that week.

Defendants, however, have provided evidence that there were several instances in which Plaintiff worked fewer than forty hours in a week. (Doc. 15-5, p. 3).

For example, Plaintiff includes text messages from the pay period from August 12, 2018 through August 25, 2018. However, during this pay period Plaintiff only worked 79.73 hours. (Doc. 15-5, p. 16). Therefore, there is a dispute as to whether Defendant violated FLSA by failing to pay Plaintiff for the work allegedly associated with the five text messages sent on August 21, 2018. *See* (Doc. 14-3, p. 8). The Court also notes that these text messages were sent from 2:14 p.m. to 2:35 p.m. on a Tuesday—hours during which Plaintiff was regularly scheduled to work, by her own admission.

In addition, Plaintiff submits as evidence messages sent allegedly outside of work hours, in weeks or pay periods where she received overtime pay. For example, on December 14, 2018—a Friday—at 9:18 p.m., Plaintiff texted an employee "Wanna work tomorrow or Sunday for IP?" (Doc. 14-3, p. 16). This is the only message Plaintiff sent on that day. While it is indeed after normal work hours, in the pay period that the aforementioned message was sent, Plaintiff worked 75.85 regular hours, 4.15 vacation hours, and 1.24 hours of overtime. (Doc. 15-5, p. 18). Therefore, there is an issue of fact as to whether Defendant violated the FLSA because Plaintiff was clearly paid at least some overtime during this week, which may have included the text message described, *supra*.

### ii. A dispute of material fact remains as to whether Defendant had knowledge of Plaintiff's alleged overtime work.

An employer who is aware that an employee is working overtime must be held liable for overtime work without proper compensation, "even if the employee does not make a claim for the overtime compensation." *Fairchild v. All American Check Cashing, Inc.*, 815 F.3d 959, 964 (5th Cir. 2016) (quoting *Harvill* 433 F.3d at 441

6

(5th Cir. 2005)). However, if an "employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work," the employer cannot be found to have violated § 207 of the FLSA. *Id.* Therefore, a plaintiff must show that the employer "had knowledge, actual or constructive, that he was working" overtime. *Id.*

Because Defendant denies having actual knowledge of Plaintiff's off-site work, (Doc. 15, p. 18), Plaintiff must establish that it had constructive knowledge of her afterhours activities. Constructive knowledge exists if an employer "exercising reasonable diligence" would have been aware that an employee was working overtime. *Brennan v. Gen. Motors Acceptance Corp.*, 482 F.2d 825, 927 (5th Cir. 1973); *See also Newton v. City of Henderson*, 47 F.3d 746, 749 (5th Cir. 1995) ("the question here is whether [the employer] should have known.").

Defendant's employee manual clearly states that Defendant "discourages overtime," but that if an employee is required to work overtime the overtime "is to be approved by your supervisor PRIOR to the accumulation of OVERTIME HOURS." (Doc. 21-2, p. 3) (emphasis in original). Employees are not permitted to work early or late without permission, including "punching in or starting work more than seven (7) minutes before the beginning of [the employee's] regularly scheduled shift." (Doc. 21-2, p. 3). It is undisputed that Plaintiff failed to log her overtime. It is also undisputed that she was paid for all hours of work that she did report prior to her termination. (Doc. 15-2, p. 24). When Plaintiff did comply with Defendant's overtime requirements, she was paid. (Doc. 15, p. 6–7).

7

Despite not formally reporting her work hours, Plaintiff alleges that her direct supervisor "was not only aware of Plaintiff's habitual off the clock activities, but actually worked with Plaintiff working afterhours herself when Plaintiff was unavailable and had extensive knowledge of the extent and involvement of Plaintiff in the scheduling process." (Doc. 21, p. 5). This is not enough to demonstrate constructive knowledge of overtime for the purposes of this motion for summary judgment. *See Fairchild*, 815 F.3d at 965 (affirming a district court's ruling that mere 'access' to information that an employee is working overtime is insufficient for imputing constructive knowledge); *Newton*, 47 F.3d at 749 (finding that access to information that an employee is working overtime, in conjunction with orders not to work overtime, is insufficient to support constructive knowledge).

Plaintiff's case is nearly identical to the plaintiff in *Fairchild*. There, the plaintiff argued that her employer should have known that she was working after hours because her computer usage reports indicated that she was working after clocking out. *Fairchild*, 815 F.3d at 965. However, the Fifth Circuit affirmed the district court's denial of her overtime claim based, in part, on the fact that the plaintiff "ignored her employer's policy and procedures: she neither sought authorization to work [] overtime nor reported the alleged hours through [Defendant's] timekeeping system." *Id.* The Fifth Circuit unequivocally stated that "[t]o hold that [plaintiff] is entitled to deliberately evade [defendant's] policy would improperly deny [defendant's] 'right to require an employee to adhere to its procedures for claiming overtime.'" *Id.* (quoting *Newton v. City of Henderson*, 47 F.3d 746, 749 (5th Cir. 1995));

*See also White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869, 876 (6th Cir. 2012) ("When the employee fails to follow reasonable time reporting procedures she prevents the employer from knowing its obligation to compensate the employee and thwarts the employer's ability to comply with the FLSA.").

Because Plaintiff failed to notify Defendant that she worked overtime and failed to comply with her employer's timekeeping policies, a genuine issue of material fact remains as to whether Defendant had constructive knowledge of Plaintiff's overtime activities. As such, summary judgment is inappropriate at this stage.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion (Doc. 14) is **DENIED**.

Baton Rouge, Louisiana, this 21ST day of June, 2021

JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA